# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

JAY F. VERMILLION,

        Plaintiff,

    v.

WILLARD PLANK *et al.*,

        Defendants.

Civil Action No.  3:11-CV-280 JVB

## OPINION AND ORDER

Jay F. Vermillion, a prisoner, is proceeding *pro se* on a claim that he was transferred to a different correctional facility in violation of his due process rights. (DE 17.) Defendants move for summary judgment on the ground that Vermillion did not exhaust his administrative remedies before filing suit. (DE 53.)

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). Nevertheless, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in his or her own pleading, but rather must

"marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Under the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) (observing that under § 1997e(a) an "inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues"). The Seventh Circuit Court of Appeals has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Id.* at 1023. Failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole*, 438 F.3d at 809.

Here, Vermillion was granted leave to proceed on a claim that he was transferred from Indiana State Prison ("ISP") to the Westville Control Unit ("WCU"), a state "supermax" facility, without adequate due process protections. *See Wilkinson v. Austin,* 545 U.S. 209, 220 (2005) ("inmates have a protected liberty interest in avoiding assignment" at state supermax facility); *Westefer v. Neal*, 682 F.3d 679, 684 (7th Cir. 2012) ("Inmates transferred to a supermax prison are entitled to informal, nonadversarial due process."). The record reflects that Vermillion was transferred on August 12, 2009. (DE 17 at 5–6; DE 61 at 9.) As of that date, the Indiana Department of Correction ("IDOC") had an administrative review process in place whereby an

inmate could challenge a transfer from one correctional facility to another. (DE 53-1, Hendrix Decl. ¶ 9; DE 53-1, IDOC Manual of Policies and Procedures, No. 01-04-101 ("Classification Appeals Policy") § IV(J)(2).) Under that process, an inmate must file a classification appeal within ten days of receiving notice of the transfer. (DE 53-1, Hendrix Decl. ¶ 10.) A record is kept of all classification appeals, and those records show that Vermillion did not file a classification appeal challenging his transfer from ISP to WCU. (*Id.* ¶¶ 15-16.) Relying on this omission, Defendants argue that Vermillion did not properly exhaust his available administrative remedies before filing suit. (DE 54.)

In his response, Vermillion does not dispute that an administrative process was in place that allowed him to appeal a facility transfer. (*See* DE 61 at 9.) He also does not dispute that he did not file an appeal of his transfer to WCU. (*Id.*) Instead, he argues that he was not given proper written notice of his transfer, and thus his obligation to file an appeal was never "triggered." (*Id.* at 8–9.) This argument is unavailing. Even if Vermillion did not get written notice of his transfer, and even if such notice was required by IDOC rules, he was obviously aware of the transfer as of the date he was actually transferred. He could requested administrative review of the transfer decision within ten days of that date, but failed to avail himself of that remedy.

Vermillion also points to appeals he filed after he was assigned to Department Wide Administrative Segregation ("DWAS"), or long-term administrative segregation, in October 2009, while he was housed at WCU. (*See* DE 61-2.) However, his assignment to long-term administrative segregation in October 2009 is a separate issue from his transfer to WCU two months earlier, and the transfer is the event he is challenging in this lawsuit. Documents he filed

in November and December 2009 were not timely under the prison policy for challenging a transfer that occurred in August 2009. (DE 53-1, Classification Appeal Policy § IV(J)(2); DE 53-1, Hendrix Decl. ¶ 10.) Furthermore, the process for appealing a placement in DWAS is different from the process for appealing a facility transfer; among other things, they involve different decision-makers. (*See* DE 53-1, Classification Appeal Policy § IV(J)(2); DE 53-1, Hendrix Decl. ¶ 19.) A request for review of a facility transfer must be submitted to the IDOC Director of Classification (DE 53-1, Hendrix Decl. ¶ 11), whereas Vermillion sent the appeal of his placement in DWAS to the IDOC Deputy Commissioner of Operations. (*See* DE 61-2 at 3.) This did not comply with prison administrative requirements for appealing a facility transfer. *See Pozo*, 286 F.3d at 1025 (explaining that, to properly exhaust, a prisoner must file documents "in the place, and at the time, the prison's administrative rules require"). Accordingly, Vermillion did not exhaust all available administrative remedies before filing suit.

This action is therefore subject to dismissal. *See* 42 U.S.C. § 1997e(a). It is not clear that Vermillion has the ability to exhaust at this point, but because the state could allow him to cure his omission, the dismissal will be without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) ("[A]ll dismissals under § 1997e(a) should be without prejudice.").

For these reasons, Defendants' motion (DE 53) is **GRANTED**, and this action is **DISMISSED WITHOUT PREJUDICE** pursuant to 42 U.S.C. § 1997e(a).

**SO ORDERED** on March 19, 2014.

 s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE